**Vernon D. ROSS, for Patrick J. ROSS, minor, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 82–C–2233.**

United States District Court, D. Colorado.

Dec. 21, 1983.

William H. Ebbert, Bender, Marks, & Melonakis, Denver, Colo., for plaintiff.

Robert Gay Guthrie, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiff Vernon D. Ross brought this action on behalf of Patrick J. Ross, a minor, pursuant to 42 U.S.C. Section 405(g). He seeks judicial review of a final decision of the defendant Secretary of Health and Human Services that denied Patrick J. Ross' claim for benefits under Title II of the Social Security Act.

On October 2, 1980, Vernon Ross applied for child's insurance benefits for Patrick. An Administrative Law Judge ("ALJ") determined that Patrick was not entitled to such benefits because he did not meet the Social Security Act's support or dependency requirements. On October 22, 1982, the ALJ's decision became the final determination of the defendant Secretary of Health and Human Services when the department's Appeals Council denied the plaintiff's request for review.

Although the plaintiff raises several issues in his claim for judicial review, two of

them are determinative. First, when was Patrick adopted for purposes of the Social Security Act? Second, did Patrick's adoption occur before Vernon Ross "became entitled to disability insurance benefits" within the meaning of 42 U.S.C. Section 402(d)(8)?

Patrick was born to Vernon Ross' sister on August 27, 1979. Vernon took over physical custody of Patrick on December 14, 1979, after he learned that his sister wanted to give the child away. A petition for custody of Patrick was filed on December 16 or 17, 1979, and the petition for adoption along with the natural mother's consent to the adoption were filed February 14, 1980. The final adoption decree was not entered until August 4, 1980. From December 14, 1979, however, it is clear that Vernon Ross and his wife took Patrick into their home and provided his entire support, including substantial and expensive medical care to remedy a herniated navel which existed when Vernon Ross took custody. All these facts were presented to the ALJ, who expressed admiration for the Ross' decision to take Patrick into their home and care for him as they did.

The ALJ simply assumed that Patrick was adopted on August 4, 1980, and so concluded in his decision. I conclude that, in so doing, the ALJ erred in his legal interpretation of 42 U.S.C. Section 402(d)(8). Section 402(d)(8), as amended, gives no guidance for determining when adoption occurs for the purpose of its provisions. Thus this section, which differentiates between children adopted before an individual becomes entitled to disability insurance benefits and those adopted afterward, must be interpreted so that its application to these unique circumstances is consistent with the other provisions of the Social Security Act and the spirit and purpose of that beneficent legislation. Of course, the courts have frequently reiterated that the Social Security Act, as remedial legislation, must be liberally construed.

■ Therefore, I must decide what Congress meant by the term "adopted" as used in the first phrase following Section 402(d)(8)(B). I conclude that, for purposes of this section, "adopted" should be given practical interpretation and be deemed to mean the beginning of formal custody and adoption proceedings, if those proceedings are concluded by a final adopting decree within a reasonable time. This construction is consistent with the provisions of Section 402(d)(8) in effect before the present language was adopted in 1972. It is not inconsistent with the present provisions, since nowhere has Congress expressed any hostility to recognition of the fact of life that adoption proceedings can not be finalized overnight. Finally, this construction reduces the risk that children like Patrick Ross will be whipsawed between federal relief agencies and their state counterparts which administer adoptions. This interpretation recognizes that adoption is a legal proceeding subject to delays occasioned by the increasingly oppressive dockets borne by judges who labor in the vineyards of state court systems.

■ Applying this definition of "adopted," I conclude, based on the evidence of undisputed facts presented to the ALJ, and without finding any additional facts, that Patrick's adoption, for purposes of this statute, occurred December 16 or 17, 1979. At the very latest, it occurred on February 14, 1980, when the formal adoption petition and consent of the natural mother were filed. Further, I conclude that Patrick's adoption proceedings were concluded by final decree within a reasonable time.

■ The remaining issue is whether Patrick's adoption occurred before Vernon Ross "became entitled to disability insurance benefits" within the meaning of Section 402(d)(8). The ALJ found as a fact that Vernon Ross' disability insurance benefits were suspended from April, 1979 until June, 1980. Thus within the plain meaning of the language quoted above, Vernon Ross was not "entitled" to benefits at the time of Patrick's adoption. The ALJ's contrary conclusion was based on his already noted error concerning Patrick's adoption

date, which caused the ALJ to consider only Vernon Ross' *period of disability* rather than his entitlement to benefits. This would have been proper under Section 402(d)(8)(D)(ii)(II), *if* Patrick had been adopted *after* Vernon Ross was entitled to benefits.

■ Since Patrick's adoption occurred while Vernon Ross' benefits were under suspension, I also must construe Section 402(d)(8)'s use of the term "before." Because a suspension of benefits is a matter beyond a benefit claimant's control, there is little danger that a claimant will "manufacture" a suspension in order to qualify a child adopted during the suspension to receive child's benefits. I conclude, therefore, that for purposes of Section 402(d)(8), an adoption that occurs during a suspension of benefits falls within the meaning of "before" as used in the first phrase following Section 402(d)(8)(B).

For all these reasons, Patrick's adoption occurred before Vernon Ross became entitled to benefits. Since the ALJ's error was legal, and not factual in nature, I reverse his decision and award child's insurance benefits to Patrick J. Ross.

Accordingly,

IT IS ORDERED that the defendant Secretary of Health and Human Services' decision with regard to the claim of Patrick J. Ross for child's insurance benefits is hereby reversed, and the defendant Secretary is ordered to pay such benefits to Patrick J. Ross.